```
METROPOLITAN LIFE            :         CIVIL ACTION
INSURANCE COMPANY,
                             :
     Plaintiff,
                             :
     v.
                             :
BRENDA PASCO, CHARLIE WYLIE,
CARRIE LEE MILLER, as        :
personal representative of
the Estate of EDDIE LEE      :
WYLIE, and HALL, JONES AND
BROWN FUNERAL HOME, INC.,    :

     Defendants.             :         NO. CV204-152
```

## O R D E R

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), brought this interpleader action in order to resolve Defendants' conflicting claims to life insurance benefits payable by MetLife under an employee benefit plan. In response to the Court's April 20, 2005, Show Cause Order, MetLife requests that Hall, Jones, and Brown Funeral Home, Inc. be dismissed from this action with prejudice. MetLife has further incorporated in its response a motion seeking

AO 72A
(Rev. 8/82)

permission to effect service upon Brenda Pasco by publication. For the following reasons, Plaintiff's requests will be **GRANTED IN PART and DENIED IN PART**.

**FACTS**

MetLife brought this interpleader action against Defendants on October 29, 2004, seeking a determination as to Defendants' respective rights, if any, to certain life insurance benefits.

Carrie Miller acknowledged service on November 8, 2004. Charlie Wylie was personally served with process on November 20, 2004.

MetLife employed a professional process server who attempted to serve Brenda Pasco personally at the address she provided on the life insurance claim form. Further attempts to serve Pasco at addresses in both Albany, Georgia, and Brunswick, Georgia, were similarly unsuccessful.

By Order dated April 20, 2005, the Court directed MetLife to show cause why the case should not be dismissed for failure to perfect service on all Defendants. In response, MetLife requests that Hall, Jones, and Brown Funeral Home be dismissed

AO 72A
(Rev. 8/82)

from this action with prejudice and that it be permitted to effect service upon Brenda Pasco by publication.

**DISCUSSION**

MetLife requests the Court to dismiss Hall, Jones, and Brown Funeral Home from this action with prejudice because the funeral home has been paid in full. In support thereof, MetLife directs the Court to "*See* Letter and Receipt, Exhibit 5." Exhibit 5 of MetLife's response, however, is a motion for permission to perfect service by publication and does not include any evidence indicating payment in full. Thus, the Court is without sufficient evidence to grant MetLife's request that the funeral home be dismissed with prejudice.

MetLife further requests permission to serve Brenda Pasco by publication. When a defendant in an interpleader action is not amenable to personal service, courts have permitted constructive service pursuant to the federal *in rem* statute, 28 U.S.C. § 1655. See United States v. Swan, 441 F.2d 1082, 1085 (5th Cir.[1] 1971) (Holding that constructive service by publication pursuant to 28 U.S.C. § 1655 sufficient to confer

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions by the Fifth Circuit Court of Appeals issued prior to October 1, 1981, as binding precedent on this Court.

3

jurisdiction on district court over claims to funds in an interpleader action); Fidelity & Guar. Life ins. Co. V. Freeman, 94 F. Supp.2d 689, 691 (D. Md. 2000). This statute allows an action with respect to a lien, title, claim, or cloud to real or personal property to be brought within the district where such property may be found. It further provides, where personal service is not practicable, that the court may direct constructive notice by publication.[2] 28 U.S.C. § 1655.

MetLife has demonstrated that it exercised due diligence in its efforts to notify Brenda Pasco of this action in person. MetLife employed a professional process server who attempted to serve Pasco personally at the address she provided on the life insurance claim form. Further attempts to serve Pasco at addresses in both Albany and Brunswick, Georgia, were similarly unsuccessful. Thus, the Court concludes that further attempts to serve Pasco personally would be futile.

---

[2] In which case, "[a]ny defendant not [] personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just." 28 U.S.C. § 1655.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons set forth above, MetLife's motion (Doc. No. 11) is **GRANTED IN PART and DENIED IN PART**.

MetLife's request that Hall, Jones, and Brown Funeral Home be dismissed with prejudice is **DENIED**. Thus, as MetLife has failed to show cause for its failure to perfect service upon this Defendant, the Clerk is directed to **DISMISS** Hall, Jones, and Brown Funeral Home from this action without prejudice.

MetLife's request for permission to perfect service upon Brenda Pasco by publication is **GRANTED**. MetLife is directed to effect service by publication upon Pasco pursuant to 28 U.S.C. § 1655 within sixty (60) days from the date of this Order.

**SO ORDERED** this 31st day of May, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)